UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 11-27** |
| **KENDRICK DAVID WILKERSON** | **SECTION "B"(3)** |

ORDER AND REASONS

**Nature of Motions and Relief Sought**

Defendant Kendrick David Wilkerson ("Wilkerson") seeks to vacate his sentence of 84 months following his plea of guilty to one count of Felon in Possession of a Firearm. For the reasons articulated below, **IT IS ORDERED** that Wilkerson's Motion to Vacate (Rec. Doc. 100) is **DENIED**, his Motion for Copy of Documents (Rec. Doc. 99) is **DISMISSED AS MOOT,** and his Motion to Amend and Motion to Supplement (Rec. Docs. 106 & 107) are **DENIED AS FRIVOLOUS.**

**Facts and Procedural History**

Wilkerson was indicted on February 4, 2011 for being a felon in possession of a firearm in and affecting interstate commerce with an obliterated serial number in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). (Rec. Doc. 1). Wilkerson pled guilty pursuant to plea agreement signed and acknowledged by Wilkerson, his counsel, and an Assistant United States Attorney. (Rec. Doc. 89). The agreement stated that Wilkerson "understands that the maximum penalty [he] may receive should his plea be

1

accepted is a maximum of 10 years imprisonment, and/or a fine not to exceed $250,000 . . . (*Id*. at 2). It also stated "the defendant . . . knowingly and voluntarily:"

> . . .
>
> c.   Waives and gives up his right to challenge his sentence collaterally, including but not limited to any and all rights which arise under Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, writs of coram nobis and audita querela, and any other collateral challenges to his sentence of any kind; and
>
> d.   The defendant specifically does not waive, and retains the right to bring a direct appeal of any sentence imposed in excess of the statutory maximum. The defendant also retains the right to bring a post conviction challenge if he establishes that ineffective assistance of counsel directly affected the validity of this waiver of appeal and collateral challenge rights or the validity of the guilty plea itself.

(*Id*. at 3).

Before the Court accepted Wilkerson's guilty plea it engaged in a prolonged colloquy with him to ensure he understood the consequences of pleading guilty. Among other things, the Court informed Wilkerson that by pleading guilty he would give up his right to appeal or collaterally attack his conviction or sentence, stating:

> COURT: Now, under some circumstances, you'd have a right to appeal the conviction and sentence after trial or even after a plea of guilty, unless you waive those rights in a Plea Agreement with the government. I have such a Plea Agreement here where it says that you're waiving your right to plead -- waiving your

> right to appeal or seek habeas corpus post-conviction relief after you plead guilty and after you're sentenced, unless the Court pronounces an illegal sentence. Do you understand all of these rights as well as the meaning of a waiver of a right to appeal?
>
> THE DEFENDANT: Yes, sir.

(Rec. Doc. No. 103 at 15).

The Court also advised Wilkerson in plain terms that he faced a maximum sentence of ten years in prison, a fine not to exceed $250,000, a special assessment of $100, and three years of supervised release. *Id.* at 4.

Following Wilkerson's plea, a Presentence Report (PSR) was prepared. Wilkerson's counsel then filed three objections to the PSR concerning the amount of loss and the use of the vulnerable victim enhancement. Those objections, which were essentially appeals for a lessened sentence due to mitigating factors involving Wilkerson's mental health, childhood, family responsibilities, and other factors, were addressed in the Final Presentence Report. (Rec. Doc. 93 at 25-60). That report recommended imprisonment for a term of 105 months. Rec. Doc. 93-1 at 1.  The Court ultimately sentenced Wilkerson to 84 months of imprisonment. (Rec. Doc. 98 at 2). No fine was imposed. *Id*. at 5.

Wilkerson filed no direct appeal. On May 13, 2013, he filed the instant Motion to Vacate under 28 U.S.C. § 2255.

3

**Analysis**

It is well-established in the Fifth Circuit that a defendant who pleads guilty waives all non-jurisdictional defects in the prior proceedings. *United States v. Daughenbaugh*, 549 F.3d 1010, 1012 (5th Cir.2008) (quoting *United States v. Stevens*, 487 F.3d 232, 238 (5th Cir.2007)). As the Fifth Circuit has explained:

> When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in [*McMann v. Richardson*, 397 U.S. 759, 770 (1970)].

*Id.* (quoting *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)). Consequently, a defendant may assert an ineffective assistance claim after a guilty plea "only when the claimed [ineffective] assistance directly affected the validity of that waiver or the plea itself." *United States v. Hollins*, 97 Fed. Appx. 477, 479 (5th Cir.2004) (quoting *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002)).

A valid plea "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *United States v. Juarez*, 672 F.3d 381, 385–86 (5th Cir.2012)

(quoting *Hill v. Lockhart*, 474 U.S. 52, 56, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)). In order to make a knowing and intelligent choice, the defendant needs to understand the meaning and consequences of his guilty plea, which include the maximum prison term and fine for the offense. *United States v. Pearson*, 910 F.2d 221, 223 (5th Cir.1990); *United States v. Hernandez*, 234 F.3d 252, 255 (5th Cir.2000) (citing *Boykin v. Alabama*, 395 U.S. 238, 244, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)). "As long as [a defendant] understood the length of the time he might possibly receive, he was fully aware of his plea's consequences." *Pearson*, 910 F.2d at 223 (*quoting United States v. Rivera*, 898 F.2d 442, 447 (5th Cir.1990)). Additionally, to be voluntary a plea must not be the result of "'actual or threatened physical harm, or ... mental coercion overbearing the will of the defendant' or of state-induced emotions so intense that the defendant was rendered unable to rationally weigh his options with the help of counsel." *Matthew v. Johnson*, 201 F.3d 353, 365 (5th Cir.2000) (quoting *Brady v. United States*, 397 U.S. 742, 750, 90 S.Ct. 1463 (1970)).

Here, Wilkerson was advised of the consequences of his plea from several sources, each of which explained the maximum term of imprisonment that his plea could entail. His plea agreement, for instance, which he signed and acknowledged in open court,

stated that he "understands that the maximum penalty [he] may receive … is a maximum of 10 years imprisonment and/or a fine not to exceed $250,000 or the greater of twice the gross gain to the defendant or twice the gross loss to any person under" 18 U.S.C. 3571.  (Rec. Doc. 89 at 2). Likewise, during the colloquy at Wilkerson's rearraignment, the Court advised Wilkerson that "the maximum penalties that you're facing would be ten years' imprisonment, a fine not to exceed $250,00, along with" special assessment fees and supervised release. (Rec. Doc. 103 at 4.) When asked moments later if he understood the nature of the charges against him and the maximum penalties that could follow, Wilkerson answered "Yes, sir." *Id.*

It is thus patently clear that Wilkerson waived the claims he asserts here. He signed and acknowledged in open court a plea agreement waiving all ineffective assistance of counsel claims except those affecting the validity of that waiver or of his plea. He was several times advised that he could face ten years imprisonment and a fine as a result of his guilty plea. He nevertheless pled guilty and received a sentence nearly forty months less than that maximum. His plea was therefore valid and his present claims were therefore waived at that point.

Further, Defendant fails to show either ineffectiveness of counsel or that his decisions to plead guilty, including the waiver of rights relative to that plea and subsequent sentencing, were directly affected by incompetent counsel.

Accordingly, for the reasons articulated above, **IT IS ORDERED** that **(i)** Wilkerson's 2255 Motion (Rec. Doc. 100) is **DENIED**,**(ii)** Wilkerson's Motion for Copy of Documents (Rec. Doc. 99) is **DISMISSED AS MOOT**, and **(iii)** Wilkerson's Motion to Amend and Motion to Supplement (Rec. Docs. 106 & 107) are **DENIED AS FRIVOLOUS**.

New Orleans, Louisiana, this 17th day of July, 2014.

_____
**UNITED STATES DISTRICT JUDGE**